## SCHWAB v. HEINDEL et al.

(Common Pleas of New York City and County, General Term. April 7, 1890.)

EVIDENCE—DECLARATIONS.

> On an issue whether a certain horse belonged to plaintiff or her husband, it is error to allow plaintiff's attorney to testify that he lent her money "upon her statement that she needed it for the payment for a horse," as this is permitting plaintiff to prove her own declarations in her own favor.

Appeal from trial term.

Action for conversion by Catherine Schwab against Caspel Heindel and John H. McCarty, as a marshal of the city of New York. There was a verdict for plaintiff. From the judgment entered thereon defendants appeal.

Argued before LARREMORE, C. J., and BISCHOFF, J.

M. J. Earley, for appellants. Julius Heinderman, for respondent.

LARREMORE, C. J. The defendants are sued as joint tort-feasors. The defendant Heindel had recovered a judgment against plaintiff's husband in the ninth district court, and execution was issued thereon to the defendant McCarthy, a city marshal. The marshal levied on a horse which plaintiff claims was her property. The animal was, however, sold under the execution, and plaintiff joins as a co-defendant in this action for conversion, the judgment creditor alleging that he gave special directions to the marshal to take the horse; that he indemnified the marshal; and that he performed other

acts which render him liable in damages. The counsel for appellant assigns numerous grounds of error in the trial, but it will be unnecessary to consider more than one of them, as it is serious, and would in itself be fatal. It is evident that the pivotal question was as to the ownership of the horse. Defendants' contention was that the animal in reality belonged to the husband, and was therefore amenable to the levy. The plaintiff claimed that it was hers, although it was used in a business which the husband had conducted in his own name up to a short time before the recovery of the judgment, and which was then conducted in her name, but in practically the same manner in which it had been carried on before the pecuniary difficulties arose. Plaintiff admits that she had no money other than she received from this business or borrowed from her attorney. Said attorney went on the stand, and testified that he had lent his client $50, "upon her statement that she needed it for the payment for a horse." The learned referee admitted this evidence, against appellants' objection and exception. It was clearly incompetent, and without doubt must have had a strong influence in the decision of the question of ownership. It tended materially to corroborate plaintiff's own account of her alleged purchase of the horse. It is elementary law that a party may not prove her own declarations, not made in the presence of the adverse party, in her own favor. This is precisely what the referee permitted to be done. Plaintiff's attorney testified, as part of plaintiff's case to support her cause of action, that she had stated to him that she needed the money for the payment for a horse. It was even a more serious violation of the elementary rule above stated than if the declaration purported to have been made to an unprejudiced outsider. Here the attorney for the plaintiff, who of course is not unprejudiced or free from personal interest in the result, testifies to the party's declarations in her favor. It would be a very easy process to manufacture evidence in behalf of any person, on any subject, if such a practice could be tolerated.

The judgment should be reversed, and a new trial ordered, with costs to abide the event.